COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


CHRISTOPHER ALLEN BURLILE
                                        OPINION BY
v.   Record No. 0162-99-2   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JULY 18, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Elwood Earl Sanders, Jr., Appellate Defender
            (Public Defender Commission, on briefs), for
            appellant.

            Pamela A. Rumpz, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Christopher Allen Burlile (appellant) was convicted in a

jury trial of, inter alia, capital murder for the willful,

deliberate, and premeditated killing of two persons within a

three-year period, in violation of Code § 18.2-31(8).  On

appeal, he argues the trial court erred in refusing to instruct

the jury that the Commonwealth was required to prove that he was

the triggerman in both killings.  Finding no error, we affirm.

                              I.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). Appellant was charged with twelve felonies, including four capital murder charges for the killing of Richard Harris, Jr. (Harris) and Chakeisha Carter (Carter).  Two indictments charged appellant with capital murder, in violation of Code § 18.2-31(7), for the killing of more than one person as part of the same act or transaction, and two indictments charged appellant with capital murder, in violation of Code § 18.2-31(8), for the killing of more than one person within a three-year period.

> F-97-3771-RWD . . . On or about October 14, 1997, in the City of Richmond, Christopher Allen Burlile did feloniously, unlawfully, willfully, deliberately, and with premeditation, kill and murder Richard Harris Jr. while as part of the same act or transaction, did willfully, deliberat[ely] and with premeditation kill another.
>
> F-97-3772-RWD . . . On or about October 15, 1997, in the City of Richmond, Christopher Allen Burlile did feloniously, unlawfully, willfully, deliberately, and with premeditation, kill and murder Chakeisha Carter while as part of the same act or transaction, did willfully, deliberat[ely] and with premeditation kill another.
>
> F-98-2677-RWD . . . On or about October 14, 1997, in the City of Richmond, Christopher Allen Burlile did feloniously, unlawfully, willfully, deliberately, and with premeditation kill and murder one Richard Harris [Jr.] and within a three (3) year period, did kill and murder another, namely: Chakeisha Carter.

-

F-98-2676-RWD . . . On or about October 15, 1997, in the City of Richmond, Christopher Allen Burlile did feloniously, unlawfully, willfully, deliberately, and with premeditation kill and murder one Chakeisha Carter and within a three (3) year period, did kill and murder another, namely: Richard Harris Jr.

At trial, the evidence established that Dawn Harper, Harris's girlfriend, saw appellant shoot Harris with a shotgun in the evening of October 14, 1997. Later that night, appellant and another individual broke into the Carter residence and Chakeisha Carter was shot and killed. Carter's mother, Charlene Carter, testified that she did not know who shot her daughter. Carter's brother, Shea Carter, did not see the individuals involved in the crime, but he heard two voices when they entered the residence. Shotgun shells at the Harris murder scene matched the shells found at the Carter residence.

At the conclusion of the evidence, defense counsel requested the trial court to give the following jury instruction: "To find the defendant guilty of capital murder, you must find that he was the triggerman in two murders." The trial court rejected defense counsel's proposed jury instruction and, instead, instructed the jury as follows:

To find the defendant guilty of capital murder, you must find that he was the triggerman in at least one of the murders. In the second murder, you may find that he was the triggerman or a princip[al] in the second degree.

-

Prior to jury deliberation and upon motion of both the Commonwealth's attorney and defense counsel, the trial court "combine[d]" indictments F-97-3771 and F-97-3772 to charge appellant with one capital murder in violation of Code § 18.2-31(7) and "combine[d]" indictments F-98-2676 and F-98-2677 to charge appellant with one capital murder in violation of Code § 18.2-31(8).  On each of the capital murder charges, the jury found appellant guilty and recommended life imprisonment.[1]

## II.

"[An appellate] court's responsibility in reviewing jury instructions is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.  It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the essentials of a fair trial."  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (internal quotations and citations omitted).  "[W]hen a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter."  Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991).

---

[1] Appellant's conviction for capital murder, in violation of Code § 18.2-31(7), for the killing of more than one person as part of the same act or transaction, is not the subject of this appeal.

-

Appellant contends the trial court erred in refusing to instruct the jury that, to convict appellant of capital murder under Code § 18.2-31(8), the Commonwealth was required to prove he was the "triggerman" in both the murders of Harris and Carter. Thus, the narrow issue raised in this appeal is whether Code § 18.2-31(8) requires proof that the defendant was the triggerman in the two killings alleged. We find no such requirement.

Code § 18.2-31(8) defines capital murder as "[t]he willful, deliberate, and premeditated killing of more than one person within a three-year period." Although we have not addressed the precise issue raised by appellant, the Supreme Court addressed a substantially similar challenge in Graham v. Commonwealth, 250 Va. 487, 464 S.E.2d 128 (1995). In Graham, the Supreme Court considered whether Code § 18.2-31(7), which prohibits the "willful, deliberate, and premeditated killing of more than one person as a part of the same act or transaction," requires proof that the defendant was the triggerman in each murder referenced in the indictment. See id. at 492, 464 S.E.2d at 130.

The Court in Graham thoroughly reviewed the legislative intent of the capital murder statute and stated:

> The language of Code § 18.2-31(7) evidences a legislative determination that the described offense is qualitatively more egregious than an isolated act of premeditated murder. This result is accomplished by the addition of a gradation crime to the single act of premeditated

-

murder.  Under this subsection, the
gradation crime is the defendant's killing
of more than one person as part of the same
act or transaction.

Id. at 491, 464 S.E.2d at 130.

Relying upon its decisions in Briley v. Commonwealth, 221
Va. 563, 273 S.E.2d 57 (1980), and Watkins v. Commonwealth, 229
Va. 469, 331 S.E.2d 422 (1985), the Court concluded that

Code § 18.2-31(7) does not require proof
that a defendant charged with capital
murder, in the premeditated killing of more
than one person as part of the same act or
transaction, was the triggerman in each
murder referenced in the indictment.
Rather, this section requires proof only
that the defendant was the triggerman in the
principal murder charged, and that he was at
least an accomplice in the murder of an
additional person or persons as part of the
same act or transaction.

Graham, 250 Va. at 492, 464 S.E.2d at 130 (emphasis added).

Similar to Code § 18.2-31(7), Code § 18.2-31(8) requires
the addition of a gradation crime to the single act of
premeditated murder.  See id. at 491, 464 S.E.2d at 130.  Under
Code § 18.2-31(8) of the capital murder statute, the gradation
or nexus crime is the killing of "more than one person within a
three-year period."  Accordingly, we conclude that Code
§ 18.2-31(8) requires "proof only that the defendant was the
triggerman in the principal murder charged, and that he was at
least an accomplice in the murder of an additional person or

-

persons" within a three-year period.  Graham, 250 Va. at 492, 464 S.E.2d at 130.[2]

Applying these principles to the instant case, we conclude that the trial court did not err in rejecting appellant's proffered instruction because it contained an erroneous statement of the law.  See Woodard v. Commonwealth, 19 Va. App. 24, 28-29, 448 S.E.2d 328, 330-31 (1994).  Contrary to appellant's argument, the Commonwealth was not required to prove that appellant was the triggerman in both killings.  Rather, Code § 18.2-31(8) requires proof that the defendant was the triggerman "in the principal murder charged" and at least an accomplice in another killing within a three-year period.

Although the jury instruction, as given, failed to include the exact language from Graham, any error would be harmless. The jury's verdict form clearly identified the principal murder charged to be that of Richard Harris and the second murder within three years to be that of Chakeisha Carter.[3]  Furthermore,

---

[2] Appellant's reliance on Harward v. Commonwealth, 229 Va. 363, 330 S.E.2d 89 (1985), is misplaced.  In Harward, the defendant was convicted of capital murder, in violation of former Code § 18.2–31(e), for the willful, deliberate and premeditated killing of a person during the commission of, or subsequent to, rape.  See id. at 364, 330 S.E.2d at 90.  The Supreme Court held that the statute "only prescribes the murder of a rape victim and cannot be extended to include the murder of another."  Id. at 367, 330 S.E.2d at 91.  The Court did not consider whether a defendant accused of the premeditated killing must also be the immediate perpetrator of the gradation or nexus crime.  See id.

[3] The verdict form stated that appellant "did kill Richard Harris, Jr., and, within a three year period, did kill Chakeisha Carter . . . ."

-

the evidence, including the eyewitness account of Dawn Harper, established beyond a reasonable doubt that appellant was the triggerman in the killing of Harris. Thus, any error in failing to include the Graham language--"in the principal murder charged"--was harmless.

For the foregoing reasons, appellant's conviction under Code § 18.2-31(8) is affirmed.

Affirmed.

-