COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


ALPHONSO STEPHENS
                                              OPINION BY
v.   Record No. 3033-99-3        JUDGE ROSEMARIE ANNUNZIATA
                                           MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                     Charles J. Strauss, Judge

         Albert L. Shaw for appellant.

         Richard B. Smith, Senior Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Appellant, Alphonso Stephens, was convicted by a jury of

two counts of maliciously shooting at an occupied motor vehicle

whereby the life of a person in the vehicle may be put in peril,

in violation of Code § 18.2-154, and two counts of intentionally

discharging a firearm from a motor vehicle so as to create a

risk of injury or death to another person or so as to cause

another person to have a reasonable apprehension of injury or

death, in violation of Code § 18.2-286.1.[1]  He contends on appeal

that the firing of multiple shots constituted a single act and,

---

   [1] The Commonwealth's motion for leave to move the circuit
court to enter a nunc pro tunc judgment order to correctly
reflect that Stephens was convicted of violating Code
§ 18.2-286.1, rather than Code § 18.2-286, which makes it a
misdemeanor to discharge a firearm across a road, is granted.

therefore, the conviction of two counts of each offense constituted multiple punishment for the same crime, thereby violating his right not to be twice placed in jeopardy for the same offense under the United States and Virginia Constitutions.

On appeal, we view the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth, the party prevailing below. Burlile v. Commonwealth, 32 Va. App. 796, 798, 531 S.E.2d 26, 27 (2000). On May 7, 1999, Stephens' vehicle was involved in a high-speed chase of another vehicle, driven by Calvin Fitz and occupied by two passengers. Chris Jones was a passenger in Stephens' vehicle. Fitz and his two passengers each testified that Stephens was driving his vehicle and that multiple shots were fired at Fitz's car, from a revolver, coming from the driver's side of Stephens' vehicle. Two of the bullets hit Fitz in the back as he was driving eighty-five to ninety miles per hour in an effort to escape from Stephens.

## ANALYSIS

The Fifth Amendment to the United States Constitution provides that no person "shall . . . for the same offense . . . be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Virginia Constitution provides that a person "shall not . . . be put twice in jeopardy for the same offense." Va. Const. art. I, § 8. The double jeopardy "protections afforded under the Virginia Constitution are co-extensive with

those in the United States Constitution."  Bennefield v.
Commonwealth, 21 Va. App. 729, 739-40, 467 S.E.2d 306, 311
(1996).  The double jeopardy provision guarantees protection
against:  (1) a second prosecution for the same offense after
acquittal; (2) a second prosecution for the same offense after
conviction; and (3) multiple punishments for the same offense.
Illinois v. Vitale, 447 U.S. 410, 415 (1980).  Only the third
guarantee is pertinent to our inquiry.  Brown v. Ohio, 432 U.S.
161, 165 (1977) ("Where consecutive sentences are imposed at a
single criminal trial, the role of the constitutional guarantee
is limited to assuring that the court does not exceed its
legislative authorization by imposing multiple punishments for
the same offense.");  Blythe v. Commonwealth, 222 Va. 722, 725,
284 S.E.2d 796, 797-98 (1981).

To determine whether the firing of the multiple shots
constitutes a single violation or multiple violations of the two
statutes in question, we must determine what punishment was
intended and authorized by the legislature.  Whalen v. United
States, 445 U.S. 684, 688 (1980).  The question presented raises
a matter of first impression in Virginia.  However, the Virginia
Supreme Court and this Court have addressed analogous issues.
In Kelsoe v. Commonwealth, 226 Va. 197, 308 S.E.2d 104 (1983),
the Supreme Court found that simultaneously pointing a gun at
three people supported three convictions for brandishing a
firearm because the defendant had induced fear in each of the

individuals.  Id. at 199, 308 S.E.2d at 104.  The focus was on the harm to another caused by the defendant's act.

In Carter v. Commonwealth, 16 Va. App. 118, 428 S.E.2d 34 (1993), we held that a repetition of a crime against the same victim within a short period of time did not insulate the accused from multiple convictions and punishments.  Id. at 127-30, 428 S.E.2d at 41-43.  In Carter, the defendant was convicted of three counts of raping the same victim within a single criminal episode.  In reaching that conclusion, we stated that "'rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense.'"  Id. at 127, 428 S.E.2d at 42 (citation omitted).  Focusing on the harm to the victim, we noted that "'each rape was readily divisible and intensely personal; each offense is an offense against a person.'"  Id. at 128, 428 S.E.2d at 42 (citation omitted).  Furthermore, we also noted that the defendant should not be given "a 'free rape' merely because he chooses to repeat his crime on the same victim within a short period of time." Id. at 128-29, 428 S.E.2d at 42 ("Appellant 'should . . . not be rewarded where, instead of taking advantage of an opportunity to walk away from the victim, he voluntarily resumed his sexually assaultive behavior.'" (citation omitted)).  It follows that where a completed offense has occurred, a separate charge may be brought for a repetition of the same conduct.

Furthermore, we believe the legislature intended to make each act of firing a weapon, in the manner proscribed and with the effect delineated under Code §§ 18.2-154 and 18.2-286.1, a violation of criminal law.  As we noted in <u>Shears v. Commonwealth</u>, 23 Va. App. 394, 477 S.E.2d 309 (1996):

> "When considering multiple punishments for a single transaction, the controlling factor is legislative intent."  The legislature "may determine the appropriate 'unit of prosecution' and set the penalty for separate violations."  Therefore although multiple offenses may be the "same," an accused may be subjected to legislatively "authorized cumulative punishments."  It is judicial punishment in excess of legislative intent which offends the double jeopardy clause.

<u>Id.</u> at 400-01, 477 S.E.2d at 312 (citations omitted) (holding that where drugs were found both on defendant's person and at his residence, defendant was properly convicted of two counts of possession of cocaine).

Code § 18.2-154 provides:

> Any person who maliciously shoots at . . . any motor vehicle . . . when occupied by one or more persons, whereby the life of any person . . . in such motor vehicle . . . may be put in peril, shall be guilty of a Class 4 felony.

Code § 18.2-286.1 provides:

> Any person who, while in or on a motor vehicle, intentionally discharges a firearm so as to create the risk of injury or death to another person or thereby cause another person to have a reasonable apprehension of injury or death shall be guilty of a Class 5 felony.

The clear focus of each of these provisions and the gravamen of the offenses are the risk of endangerment or death to another as a result of certain conduct by the accused. Such endangerment of another is the "evil" proscribed by the legislature. See Kelsoe, 226 Va. at 199, 308 S.E.2d at 104; Jordan v. Commonwealth, 2 Va. App. 590, 595, 347 S.E.2d 152, 155 (1986).

Based on the language of the statutes and the reasons outlined in Kelsoe and Carter, we conclude that each time the proscribed conduct described in the statutes occurred in this case, with the result delineated by the statute, a violation of each of the two statutory provisions occurred.[2] The two statutes

---

[2] Other jurisdictions that have addressed the issue presented here have found that the firing of multiple shots constitutes separate and distinct acts and, therefore, separate offenses. See State v. Miranda, 10 P.3d 1213, 1217 (Ariz. Ct. App. 2000) (holding defendant was properly convicted of three separate offenses where he fired three successive shots at a mother and her son); Gray v. United States, 585 A.2d 164, 165 (D.C. 1991) (holding that where defendant fired three separate shots into a dwelling, each shot constituted a separate offense); People v. Harris, 695 N.E.2d 447, 457 (Ill. 1998) (finding that where defendant fired two consecutive shots into a vehicle, each shot constituted a "discrete physical act" supporting two convictions); State v. Morrow, 888 S.W.2d 387, 392-93 (Mo. Ct. App. 1994) (in finding defendant was properly convicted of two separate counts where he fired two successive shots into a dwelling, the court stated, "The conduct proscribed is complete on one shot. A subsequent shot, whether moments or a substantial amount of time later, creates the same danger which the statute was intended to prevent."); State v. Rambert, 459 S.E.2d 510, 513 (N.C. 1995) (in finding that where the defendant fired three consecutive shots into a vehicle, he had been properly convicted of three separate counts, the court stated, "[D]efendant's actions were three distinct and, therefore, separate events. Each shot, fired from a pistol . . . required that defendant employ his thought processes each time he fired the weapon.").

at issue do not proscribe a continuous course of conduct; rather, each offense is "complete upon the firing of one shot," State v. Morrow, 888 S.W.2d 387, 393 (Mo. Ct. App. 1994), when the life of another is endangered.

The evidence establishes that Stephens fired a gun from his motor vehicle, at another motor vehicle, at least twice.[3] Each act of firing the weapon constituted a separate, distinct act, notwithstanding how closely the second shot followed the first. Each shot required a conscious decision by Stephens to pull the trigger. See Blockburger v. United States, 284 U.S. 299, 302 (1932) (in finding that each of two successive drug sales to the same individual constituted a distinct offense, the Court stated, "'[W]hen the impulse is single . . . one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.'" (citation omitted)). Each time Stephens fired his weapon an individual was put in jeopardy of injury or death. In fact, the driver of the vehicle was injured twice as a result of Stephens' conduct. Therefore, we find Stephens' double jeopardy rights have not been violated and affirm his convictions.

---

[3] Stephens contends the evidence was inconclusive concerning the number of times he discharged his gun at the other vehicle. We disagree. The evidence on appeal is viewed in the light most favorable to the Commonwealth. Burlile, 32 Va. App. at 798, 531 S.E.2d at 27. The testimony established that two or more shots were fired.

<u>Affirmed</u>.