Present:  All the Justices

CHRISTOPHER ALLEN BURLILE
                                        OPINION BY
v.  Record No. 002003        JUSTICE LAWRENCE L. KOONTZ, JR.
                                     April 20, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA


    In this appeal, we consider whether the Court of Appeals

erred in holding the trial court, the Circuit Court for the City

of Richmond, properly refused to instruct the jury that in order

to convict a defendant of capital murder in "[t]he willful,

deliberate, and premeditated killing of more than one person

within a three-year period" in violation of Code § 18.2-31(8),

it is necessary that the jury find the defendant was a principal

in the first degree, or "triggerman," in each killing at issue.

                          BACKGROUND

    Because our review is limited to a single, narrow issue, a

succinct statement of the facts surrounding the charged crimes

in this case, presented in the light most favorable to the

Commonwealth as the party prevailing below, will suffice.

Fishback v. Commonwealth, 260 Va. 104, 108, 532 S.E.2d 629, 630

(2000).  For reasons that will become apparent, the procedural

background will be related in some detail.

    On December 1, 1997, Christopher Allen Burlile was indicted

on two capital murder charges for the killing of Richard Harris,

Jr. and Chakeisha Carter.  The indictments, F-97-3771 and F-97-3772, charged that the killings of Harris and Carter were part of the same act or transaction in violation of Code § 18.2-31(7).  On July 6, 1998, the Commonwealth obtained two additional indictments charging Burlile with capital murder arising from the same killings in violation of Code § 18.2-31(8):

> F-98-2676 . . . On or about October 15, 1997, in the City of Richmond, CHRISTOPHER ALLEN BURLILE did feloniously, unlawfully, willfully, deliberately and with premeditation kill and murder one Chakeisha Carter and within a three (3) year period, did kill and murder another, namely: Richard Harris Jr.

> F-98-2677 . . . On or about October 14, 1997, in the City of Richmond, CHRISTOPHER ALLEN BURLILE did feloniously, unlawfully, willfully, deliberately and with premeditation kill and murder one Richard Harris [Jr.] and within a three (3) year period, did kill and murder another, namely: Chakeisha Carter.

At trial, the evidence established that Dawn Harper, Harris's girlfriend, saw Burlile shoot Harris with a shotgun on the evening of October 14, 1997.  Harris died as a result of his wounds.  Harper testified that Burlile was accompanied by another man at the time of the shooting.

Later that night, Burlile and an accomplice broke into the Carter home.  Chakeisha Carter was shot with a shotgun and died as a result of her wounds.  Shotgun shells recovered at the scene matched the shells recovered at the Harris murder scene.

2

Chakeisha's mother, Charlene Carter, and Chakeisha's brother, Shea Carter, were also wounded by shotgun blasts during the break-in at the Carter home. Charlene Carter testified that she did not know who shot her daughter, but identified Burlile as the assailant who fired the shots that wounded her and Shea. Shea did not see who fired the shots that injured him and his mother or the shot that killed his sister, but testified that he heard two unfamiliar voices in the home prior to the shootings.

At the conclusion of the evidence in the guilt-determination phase of a bifurcated trial, Burlile requested that the trial court give his instruction A, which directed the jury that "[t]o find the defendant guilty of capital murder, you must find that he was the triggerman in two murders." Although the instruction failed to identify the theory of capital murder to which Burlile intended it to apply, the context of the colloquy between the trial court, counsel for Burlile, and counsel for the Commonwealth makes clear that the instruction was addressed to the charges of capital murder in violation of Code § 18.2-31(8) only.

The Commonwealth objected to instruction A, asserting that Code § 18.2-31(8) required only that the defendant have committed a murder within three years of the killing for which a conviction for capital murder was sought. Burlile's counsel responded, "Judge, it's our position that the reasoning or logic

3

of the case law requires another instance of capital murder, only the triggerman can be guilty of capital murder."

The trial court refused Burlile's instruction A and instead gave Commonwealth's instruction 28, which provides that:

> To find the defendant guilty of capital murder, you must find that he was the triggerman in at least one of the murders. In the second murder, you may find that he was the triggerman or a princip[al] in the second degree.

Burlile objected to this instruction "[i]n view of the instruction earlier that we offered that was refused."

Prior to jury deliberation and upon the joint motion of the Commonwealth and Burlile's counsel, the trial court "combined for one transaction" indictments F-98-2676 and F-98-2677 to charge Burlile with "the capital murder of Chakeisha Carter and Richard Harris, Jr." in violation of Code § 18.2-31(8). Indictments F-97-3771 and F-97-3772 similarly were "combined for one transaction" to charge Burlile with "the capital murder of Chakeisha Carter and Richard Harris, Jr." in violation of Code § 18.2-31(7). The jury found Burlile guilty of each combined capital murder charge and, in the subsequent penalty-determination phase of the trial, recommended a sentence of life imprisonment for each combined capital murder charge. On January 7, 1999, the trial court sentenced Burlile in accord with the jury's recommendation.

4

Burlile filed a petition for appeal in the Court of Appeals, presenting three questions for review. Two of the issues raised related to the admission of evidence concerning Burlile's activities as a drug dealer and the trial court's refusal to require the Commonwealth to present for an in camera review elements of the police investigation file that Burlile contended might contain exculpatory evidence. The remaining issue addressed the trial court's failure to give instruction A. Burlile did not directly appeal his conviction for capital murder in violation of Code § 18.2-31(7).

By order entered September 28, 1999, a panel of the Court of Appeals awarded Burlile an appeal, framing the sole issue to be addressed as follows:

> Whether the trial court erred in instructing the jury "[t]o find the defendant guilty of capital murder, you must find that he was the triggerman in at least one of the murders. In the second murder, you may find that he was the triggerman or a princip[al] in the second degree."

In his opening brief in the Court of Appeals, Burlile asserted that the language of Code § 18.2-31(8) was ambiguous and should be construed strictly against the Commonwealth. Asserting the rationale of Harward v. Commonwealth, 229 Va. 363, 367, 330 S.E.2d 89, 91 (1985), Burlile contended that "[t]he willful, deliberate, and premeditated killing of more than one person within a three-year period" defining capital murder under

5

Code § 18.2-31(8) should be interpreted as requiring that each killing qualify individually as a capital murder. Applying that interpretation, Burlile, citing Harrison v. Commonwealth, 220 Va. 188, 191, 257 S.E.2d 777, 779 (1979), argued that since "only the triggerman can be convicted for capital murder . . . [Burlile] must be the triggerman for both murders" in order to be found guilty under Code § 18.2-31(8).

Stating that it was addressing "the narrow issue raised in this appeal . . . whether Code § 18.2-31(8) requires proof that the defendant was the triggerman in the two killings alleged," the Court of Appeals rejected Burlile's assertion and affirmed his conviction. Burlile v. Commonwealth, 32 Va. App. 796, 800, 531 S.E.2d 26, 28 (2000). In reaching this conclusion, the Court of Appeals relied upon Graham v. Commonwealth, 250 Va. 487, 492, 464 S.E.2d 128, 130, cert. denied, 516 U.S. 997 (1995), and held, in a construction similar to our construction of Code § 18.2-31(7) in that case, that Code § 18.2-31(8) should be construed as requiring "proof that the defendant was the triggerman 'in the principal murder charged' and at least an accomplice in another killing within a three-year period." Burlile, 32 Va. App. at 802, 531 S.E.2d at 29.

Although Burlile had not presented argument addressing the issue, the Court of Appeals then went on to note that "[a]lthough the jury instruction [28], as given, failed to

6

include the exact language from Graham [that the defendant must be the triggerman in the principal murder charged], any error would be harmless." The Court reasoned that this was so because "[t]he jury's verdict form clearly identified the principal murder charged to be that of Richard Harris and the second murder within three-years to be that of Chakeisha Carter," and credible evidence in the record supported a finding that Burlile "was the triggerman in the killing of Harris." Id. In a footnote, the Court quoted the "verdict form" as stating that Burlile "did kill Richard Harris, Jr., and, within a three-year period, did kill Chakeisha Carter." Id. at 802 n.3, 531 S.E.2d at 29 n.3.

Burlile filed a petition for appeal in this Court for review of the judgment of the Court of Appeals, reasserting the evidentiary and discovery issues for which an appeal had been denied in the Court of Appeals, and making the following assignment of error with respect to the issue for which an appeal had been granted below:

> The Circuit Court erred in not granting a jury instruction requiring the defendant to be a principal in the first degree in both homicides in order for the murder of two or more persons in a three-year period to be capital murder.

By order dated December 1, 2000, we awarded Burlile an appeal limited to the issue raised in this assignment of error.

7

DISCUSSION

Before addressing the issue raised by Burlile's assignment of error, we are compelled by the particular circumstances of this case to clarify the procedural posture that limits our review to that issue.  This is necessary in order to avoid the appearance that our resolution of this appeal has a broader scope than is intended.

Rule 5:17(c), in relevant part, states that "[w]here appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court."  Moreover, Rule 5:25 permits us to consider as reversible error only a ruling of the trial court for which an "objection was stated with reasonable certainty at the time of the ruling."

In awarding an appeal to Burlile, the Court of Appeals chose to depart from the question presented by Burlile regarding the refusal of instruction A, and to consider instead the efficacy of instruction 28.  As a result, the Court of Appeals, without argument on the issue by Burlile, necessarily also considered the issue whether it was error that instruction 28 did not require the jury to find that Burlile was the triggerman in the "principal murder charged" while identifying that murder as the killing of Harris.  The Court of Appeals reasoned that

8

any error resulting from this deficiency was harmless because the "verdict form" clearly identified Harris as the principal murder victim with language that Burlile "did kill Richard Harris, Jr., and, within a three year period, did kill Chakeisha Carter . . . ." However, the form the Court of Appeals references in its opinion is not the verdict form used by the jury in the guilt-determination phase of the trial, but, rather, the form used by the jury in the sentencing phase to render its recommendation on punishment. The verdict form used in the guilt-determination phase simply stated: "We, the jury, find [Burlile] guilty of the capital murder of Chakeisha Carter and Richard Harris, Jr."

In the opening brief filed in this Court, apparently drawing on the willingness of the Court of Appeals to examine the issue, for the first time Burlile asserts error based upon the contention that "[u]nder the instructions given in this case, Burlile could be convicted of capital murder if some jurors believed he shot Harris but not Carter and other jurors believed he shot Carter but not Harris." During oral argument in this Court, however, appellate counsel for Burlile properly conceded that no objection to the failure of instruction 28 to require the jury to find that Burlile was the triggerman in the "principal murder charged" or to identify Harris as the victim

9

of that murder was raised in the trial court, nor did Burlile proffer an instruction that would have addressed this issue.

By addressing his assignment of error to the denial of instruction A, which was the "question [originally] presented in . . . the Court of Appeals," Burlile has limited his appeal to that issue and has not brought before this Court the "actions taken by[] the Court of Appeals" in addressing the alleged deficiency of instruction 28. Accordingly, we express no opinion on the view taken by the Court of Appeals that any error regarding instruction 28 would have been harmless.

Moreover, as he did at trial and in the Court of Appeals, Burlile limits his argument in this appeal to the application of instruction A to the charges under Code § 18.2-31(8). Accordingly, Burlile's conviction for the "combined" capital murder under the provisions of Code § 18.2-31(7) and how the instructions given or refused might relate to that offense are also not at issue in this appeal.

Similarly, by joining in the motion to "combine" the indictments under each theory of capital murder into a single charge, Burlile has waived any objection that might arise from that unorthodox procedure and any resulting confusion as to which victim's death was the "principal murder charged." Nor are we concerned with the question whether the legislature would have intended for subsections (7) and (8) of Code § 18.2-31 to

be mutually exclusive theories of capital murder, although it is self-evident that the killing of more than one person as part of the same act or transaction would of necessity also constitute the killing of more than one person within a three-year period.

The foregoing discussion explains why our review is limited to a narrow issue in this case. We now turn to that issue which is whether when a defendant is charged with capital murder in "[t]he willful, deliberate, and premeditated killing of more than one person within a three-year period" in violation of Code § 18.2-31(8), the jury should be instructed that it must find the defendant was a principal in the first degree, or "triggerman," in each killing at issue. That issue was fairly raised by Burlile's instruction A and the assignment of error with respect to it.

Code § 18.2-31 defines the offenses involving the willful, deliberate, and premeditated killing of a person that may be punished as capital murder. In some instances, the legislature has determined that the status of a defendant will elevate a first-degree murder to capital murder. See, e.g., Code § 18.2-31(3) (murder by a "prisoner confined in a state or local correctional facility" is capital murder). Similarly, the legislature has determined that the status of the victim may warrant elevating a first-degree murder to capital murder. See,

11

e.g., Code § 18.2-31(6) (murder of a law-enforcement officer is capital murder).

In contrast to the "status" focus of those offenses of capital murder, the legislature has also defined other capital murder offenses where the language of the particular subsection "evidences a legislative determination that the described offense is qualitatively more egregious than an isolated act of premeditated murder." Graham, 250 Va. at 491, 464 S.E.2d at 130. "This result is accomplished by the addition of a gradation crime to the single act of premeditated murder." Id.; see, e.g., Code § 18.2-31(1) (murder during the commission of abduction for pecuniary gain or with intent to defile is capital murder).

Burlile contends, as he did in the Court of Appeals, that the language of Code § 18.2-31(8) is ambiguous because the phrase "willful, deliberate, and premeditated" appears to relate to both the principal murder charged and the gradation crime on which the elevation to capital murder is based. Accordingly, Burlile asserts that this statute must be construed against the Commonwealth as requiring the defendant to be a principal in the first degree, or the triggerman, in both the principal murder charged and the killing that constitutes the gradation crime.

Burlile further asserts that this construction is also supported by consideration of a distinction that may be drawn

12

between the nature of the offense defined under Code § 18.2-31(8) and other capital murder offenses defined by gradation crimes. Burlile concedes that when there is a transactional nexus between the murder charged and the gradation crime, such as multiple murders as part of the same act or transaction or where the gradation crime is abduction, robbery, or rape, the defendant need not be a principal in the first degree with respect to the gradation crime. He asserts, however, that in the absence of an unambiguous expression of legislative intent to the contrary, the gradation crime under Code § 18.2-31(8) should be one involving the defendant as a principal in the first degree because there is no requirement that there be a transactional nexus between the principal murder charged and the gradation crime. In effect, Burlile's position is that Code § 18.2-31(8) should be viewed as a "status" offense where the defendant's status is that of being the principal in the first degree, or the triggerman, in more than one murder within a three-year period. We disagree.

In Briley v. Commonwealth, 221 Va. 563, 573, 273 S.E.2d 57, 63 (1980), we held that with respect to capital murder offenses that included a gradation crime, Code § 18.2-31 does not require proof that a defendant charged with the capital murder was also a principal in the first degree to the gradation crime. Applying the rationale of Briley to Code § 18.2-31(7), we

subsequently held that the defendant's culpability for the gradation crime of that subsection need only be that of "an accomplice in the murder of an additional person or persons as part of the same act or transaction." Graham, 250 Va. at 492, 464 S.E.2d at 130.

With respect to Code § 18.2-31(7), the gradation crime is the defendant's killing of more than one person as part of the same act or transaction. With respect to Code § 18.2-31(8), the gradation crime is the defendant's killing of more than one person within a three-year period. There is nothing ambiguous in the wording of either of these subsections and in neither instance does the language suggest a legislative intent that the defendant must be a principal in the first degree to both the principal murder charged and the gradation crime that supports the elevation of that murder to capital murder. To the contrary, to support the construction given to Code § 18.2-31(8) by Burlile, we would have to insert language to the effect that the gradation crime is the defendant's killing of more than one person within a three-year period as a principal in the first degree. Courts are not permitted to add language to a statute nor are they "permitted to accomplish the same result by judicial interpretation." Harbor Cruises, Inc. v. Commonwealth, 217 Va. 458, 461, 230 S.E.2d 248, 250 (1976).

14

We hold that Code § 18.2-31(8) does not require proof that a defendant charged with capital murder, in the premeditated killing of more than one person within a three-year period, was a principal in the first degree in each murder referenced in the indictment.  Accordingly, we further hold that the jury need be instructed only that they must find the defendant was a principal in the first degree, or triggerman, in the principal murder charged and that he was at least an accomplice in the murder of one or more persons other than the victim within a three-year period.  Thus, the trial court did not err in refusing Burlile's instruction A.

CONCLUSION

For these reasons, and limiting our review to the issue preserved below and raised by assignment of error in this appeal, we will affirm Burlile's conviction for capital murder under Code § 18.2-31(8).

<u>Affirmed</u>.

15