In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Tuesday, the 30th day of March, 2004.


Dennis Mitchell Orbe,                                          Appellant,

  against          Record No. 040598
                  Circuit Court No. CH-04-419-1

Gene M. Johnson, Director, Virginia
  Department of Corrections, et al.,                        Appellees.


Upon an appeal from an order and a judgment rendered by the Circuit Court of the City of Richmond on the 10th and 12th days of March, 2004.


Appellant's motion to proceed in forma pauperis is granted.

By order dated February 12, 2004, the Circuit Court of York County directed that the sentence of death imposed upon Dennis Mitchell Orbe ("Orbe") be carried out on March 31, 2004. On March 5, 2004, Orbe filed a Bill of Complaint for Declaratory Judgment and Injunctive Relief in the Circuit Court of the City of Richmond seeking an adjudication that the particular method of implementation of lethal injection employed by the Commonwealth and anticipated to be utilized in his execution "constitutes cruel and unusual punishment and violates due process of law under Article I, Sections 9 and 11, of the Constitution of Virginia." Additionally, Orbe requested the issuance of a permanent injunction "barring [the Commonwealth] from carrying out [his] execution using a protocol that will cause unnecessary pain." In a separate motion, Orbe

requested the issuance of a temporary restraining order and preliminary injunction "to protect the status quo ante" and enjoining the Commonwealth from carrying out Orbe's execution on March 31, 2004.  In pleadings before this Court, Orbe states that he makes no federal constitutional claims in this action.

On March 10, 2004, the Circuit Court of the City of Richmond denied Orbe's Motion for Preliminary Injunction holding that it was "without jurisdiction to grant the motion, pursuant to Virginia Code § 53.1-232.1," that Orbe's claim "is a habeas corpus claim and does not lie in a declaratory judgment proceeding," and that even "if the court had jurisdiction and declaratory judgment was the proper proceeding, the court would find that [Orbe] could not demonstrate a likelihood of success on the merits."  By order dated March 12, 2004, the Circuit Court of the City of Richmond dismissed the entire Bill of Complaint, holding that Orbe's claim "is a habeas corpus claim which does not lie in a declaratory judgment proceeding, and that [the court] is without jurisdiction to consider habeas corpus claims brought by persons sentenced to death pursuant to Virginia Code § 8.01-654(C)."

On March 22, 2004, Orbe filed his notice of appeal from the denial of a preliminary injunction and from the dismissal of the entire Bill of Complaint. On appeal, Orbe asserts:

1.   The circuit court erred in denying a preliminary injunction on the ground that it supposedly lacked jurisdiction to do

2

so under Code § 53.1-232.1.

2. The circuit court erred in denying a preliminary injunction on the ground that the issue in Plaintiff's bill of complaint for declaratory judgment supposedly was a habeas corpus claim.

3. The circuit court erred in denying a preliminary injunction on the ground that Plaintiff could not demonstrate a likelihood of success on the merits.

4. The circuit court erred in dismissing the complaint on the ground that the Plaintiff's bill of complaint was a second or successive habeas petition.

Orbe requests this Court to remand the declaratory judgment action to the trial court for trial and to issue a preliminary injunction or remand to the trial court with directions to enter such an injunction prohibiting the Commonwealth from "carrying out Orbe's execution using their current protocol."

Orbe's bill of complaint is not a claim for habeas relief. See Dennis Mitchell Orbe v. William Page True, Warden, decided today. Orbe's action is one for declaratory judgment. However, it may not be sustained. Because Orbe is deemed to have selected lethal injection rather than electrocution, he has waived any challenge to the constitutionality of lethal injection under the Constitution of Virginia. Orbe's claim is based upon Article I, Sections 9 and 11, of the Constitution of Virginia. He specifically disclaims any federal constitutional claims. Under Virginia law, he cannot use a declaratory judgment action to decide an issue he has waived by prior act.

Pursuant to the provisions of Code § 53.1-234, Orbe had the

3

right to choose whether his execution will be by lethal injection, as it is administered in Virginia, or by electrocution.  If the condemned prisoner has not made a choice by at least fifteen days prior to the scheduled execution, the statute provides that the method of execution shall be by lethal injection.  Under these circumstances, the condemned prisoner may affirmatively choose electrocution, affirmatively choose lethal injection, or choose the statutory consequences of a failure to specify, namely, lethal injection.  In any case, it is the condemned prisoner's choice.

We have previously held that execution of prisoners by electrocution does not violate the Eighth Amendment's prohibitions against cruel and unusual punishment. Bell v. Commonwealth, 264 Va. 172, 202, 563 S.E.2d 695, 715 (2002),cert. denied, 537 U.S. 1123 (2003);  Ramdass v. Commonwealth, 246 Va. 413, 419, 437 S.E.2d 566, 569 (1993), vacated in part on other grounds, 512 U.S. 1217 (1994), cert. denied after remand, 514 U.S. 1085 (1995); Stockton v. Commonwealth, 241 Va. 192, 215, 402 S.E.2d 196, 209-10 (1991); Martin v. Commonwealth, 221 Va. 436, 439, 271 S.E.2d 123, 125 (1980); Hart v. Commonwealth, 131 Va. 726, 743-44, 109 S.E. 582, 587 (1921).  We take this occasion to hold that execution of prisoners by electrocution also does not violate Article I, Sections 9 and 11, of the Constitution of Virginia.

When a condemned prisoner has a choice of method of execution,

4

the inmate may not choose a method and then complain of its unconstitutionality, particularly when the constitutionality of the alternative method has been established. In Stewart v. LaGrand, a case involving a challenge to execution by lethal gas, the Supreme Court of the United States held that

> Walter LaGrand, by his actions, has waived his claim that execution by lethal gas is unconstitutional. At the time Walter LaGrand was sentenced to death, lethal gas was the only method of execution available in Arizona, but the State now provides inmates a choice of execution by lethal gas or lethal injection, see Ariz. Rev. Stat. §13-704(B) (creating a default rule of execution by lethal injection). Walter LaGrand was afforded this choice and decided to be executed by lethal gas. On March 1, 1999, Governor Hull of Arizona offered Walter LaGrand an opportunity to rescind this decision and select lethal injection as his method of execution. Walter LaGrand, again, insisted that he desired to be executed by lethal gas. By declaring his method of execution, picking lethal gas over the state's default form of execution — lethal injection — Walter LaGrand has waived any objection he might have to it.

526 U.S. 115, 119 (1999).

Orbe's circumstances are legally indistinguishable from those presented to the United States Supreme Court in LaGrand. As previously discussed, under Code § 53.1-234, Orbe could have chosen electrocution or he could have chosen lethal injection. Instead, he chose to allow the statutory default provisions to apply. The Commonwealth did not make his choice. The Commonwealth only provided the choices for him, including the choice of allowing the default provisions to apply. Orbe has waived any right he may have

5

to complain about lethal injection as it is administered in Virginia.

The effect of his waiver removes Orbe's claims from those that may be properly considered by declaratory judgment under Virginia law. Declaratory judgment proceedings were not available at common law. This statutory cause of action is dependent upon "cases of actual controversy." Code § 8.01-184. Declaratory judgment is not intended to provide advisory opinions. Erie Ins. Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990). Orbe's waiver of the right to contest the constitutionality of lethal injection as it is administered in Virginia removes the requirement of "actual controversy" from the case. Simply stated, Orbe has no cognizable cause of action.

Additionally, a declaratory judgment action is not a substitute for an appeal or collateral attack upon conviction. Declaratory judgment "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies." Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966). "A declaratory judgment action is not part of the criminal appellate process." State v. Brooks, 728 N.E.2d 1119, 1122 (Ohio Ct. App. 1999). The issue Orbe presents in his declaratory judgment action should have

been raised before the trial court in Orbe's criminal case and on direct appeal from that judgment.

While the trial court erred in characterizing Orbe's claim as one for habeas corpus rather than declaratory judgment, the trial court did not err in dismissing the action. It is unnecessary to address each of Orbe's assignments of error because they are predicated upon the legitimacy of the underlying declaratory judgment action itself. Orbe's appeal from the judgment orders of the trial court dated March 10, 2004 and March 12, 2004 is denied. All of Orbe's other motions attendant to this appeal are denied.

_____

JUSTICE LACY, with whom JUSTICE KOONTZ joins, dissenting.

In denying the petition for appeal, the majority states that Orbe's circumstances are "legally indistinguishable" from that in Stewart v. LaGrand, 526 U.S. 115 (1999). In my opinion, the circumstances are both factually and legally different.

Unlike LaGrand, where the issue was whether death by the administration of any poisonous gas was cruel and inhuman punishment, Orbe is complaining that the specific chemical protocol of the lethal injection to be used is the constitutional offender, not lethal injection per se. Moreover, the defendant in LaGrand affirmatively elected the specific method of execution of which he then complained. Contrary to the view taken by the majority, Orbe

7

did not elect a method of execution.

The majority's rationale is that by not exercising his right to select the method of execution, Orbe effectively selected his method of execution and, thus, waived his right to challenge the constitutionality of that method. I disagree.

Code § 53.1-234, in pertinent part, states: "The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection." The majority would add language to the statute to the effect that if "the prisoner refuses to make a choice . . . he shall be deemed to have selected lethal injection." "But, courts are not permitted to add language to a statute nor are they permitted to accomplish the same result by judicial interpretation." Shackleford v. Commonwealth, 262 Va. 196, 213, 547 S.E.2d 899, 909 (2001) (internal quotation marks omitted); see also Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001). Rather, when the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated. Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003).

The plain meaning of Code § 53.1-234 is that where the

8

prisoner fails to make the selection between the two available methods of execution within the required time, the Commonwealth makes the selection of the method of execution.  In the absence of an affirmative act by the prisoner, there can be no waiver of the right to challenge the constitutionality of the method of execution.  Were this not the case, then the rationale expressed by the majority would result in the inability of a prisoner to challenge this statute under any circumstances.  Accordingly, I would hold that Orbe has not waived his right to challenge the constitutionality of the method of his execution.

The majority further holds that "a declaratory judgment action is not a substitute for an appeal or collateral attack upon conviction."  While I agree that this is a correct statement of the law with regard to declaratory judgments, the majority misconstrues Orbe's request for declaratory judgment.  Orbe expressly states that he is not challenging the legality of his conviction and sentence, but rather that he is challenging the specific chemical protocol of the lethal injection to be used to carry out that sentence.

Similarly, the majority's assertion that "[t]he issue Orbe presents in his declaratory judgment action should have been raised before the trial court in Orbe's criminal case and on direct appeal from that judgment," is unavailing in my opinion.  I recognize that

9

in LaGrand, the Court held that the defendant's failure to raise the question of the constitutionality of lethal gas as a method of execution was barred by his failure to raise that claim at the time of his direct appeal. However, at the time of LaGrand's trial, lethal gas was the only method of execution in use in Arizona. LaGrand, 526 U.S. at 117. The Court further noted that

> there was sufficient debate about the constitutionality of lethal gas executions that Walter LaGrand cannot show cause for his failure to raise this claim. Arguments concerning the constitutionality of lethal gas have existed since its introduction as a method of execution in Nevada in 1921. In the period immediately prior to Walter LaGrand's direct appeal, a number of states were reconsidering the use of execution by lethal gas, and two United States Supreme Court Justices had expressed their views that this method of execution was unconstitutional. In addition, lethal gas executions have been documented since 1937, when San Quentin introduced it as an execution method, and studies of the effect of execution by lethal gas date back to the 1950s.

LaGrand, 526 U.S. at 119-20 (internal citations omitted).

Here, the record shows that the debate about the efficacy of the specific chemical protocol of the lethal injection has only recently arisen. Moreover, the Commonwealth only provided Orbe with the particulars of the protocol less than a month ago. Thus, even assuming that Orbe could have raised his challenge to the method of execution at trial, but see People v. Bradford, 929 P.2d 544, 578 (Cal. 1999) (holding that a challenge on direct appeal to the legality of the method of execution for a death sentence must be "rejected out of hand" because it does not challenge "the

10

validity of the sentence itself"), under these circumstances I would hold that there was "cause and prejudice to excuse the default," LaGrand, 526 U.S. at 117, arising from his failure to do so.

In the case of Nelson v. Campbell, 347 F.3d 910 (11th Cir.), cert. granted, ___ U.S. ___, 124 S.Ct. 835 (2003), presently on review before the United States Supreme Court, the principal issue to be determined is whether a prisoner may challenge the method of his execution through a civil proceeding. While I recognize that the issues in Nelson relate to federal law and the federal constitution, the similarity of that case to the circumstances and procedures here are undeniable.

Given that "[t]he awesome severity of a sentence of death makes it qualitatively different from all other sanctions," Satterwhite v. Texas, 486 U.S. 249, 262 (1987) (Marshall, J. concurring), and cognizant of the fact that the forthcoming decision in Nelson may inform our decision, I believe that the proper course in this case would be to grant the appeal and award a stay of execution, so that the Court might have time to more fully explore the issues raised herein. Accordingly, I respectfully dissent.

This order shall be certified to the said circuit court.

A Copy,

11

Teste:


Patricia H. Krueger, Clerk