COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Senior Judges Annunziata and Fitzpatrick
Argued by teleconference


TERRANCE ANTHONY EVANS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0206-07-4            CHIEF JUDGE WALTER S. FELTON, JR.
                                                          JANUARY 15, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                              J. Martin Bass, Judge

            (Joseph T. Brown; Law Offices of Joseph T. Brown, P.L.C., on
            brief), for appellant.  Appellant submitting on brief.

            Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Following a bench trial, Terrance Anthony Evans (appellant) was convicted of three charges

of carnal knowledge of a minor thirteen years of age or older but under fifteen years of age, in

violation of Code § 18.2-63; taking indecent liberties with a minor after having been previously

convicted of a specified felony in violation of Code § 18.2-370; and use of a communications

system to solicit sex with a minor in violation of Code § 18.2-374.3.

        Appellant admits he engaged in sexual intercourse with K.M. (victim) in violation of Code

§ 18.2-63, but argues on appeal that the evidence at trial supports only one conviction of carnal

knowledge of a minor and that his multiple convictions for the same offense violate his

constitutional protection against double jeopardy.  For the reasons that follow, we affirm appellant's

convictions.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Because the parties are fully conversant with the record below and this opinion bears no precedential value, we cite only those facts necessary to our disposition of the appeal.

## I. BACKGROUND

In 2004, victim, born May 29, 1990, began communicating with appellant over the internet. During their first communication, victim told appellant her true age, and appellant told victim he was twenty-six years old.[1] On February 14, 2005, victim invited appellant to visit her at her father's home in Stafford County.[2] During that conversation, they discussed having sexual intercourse when appellant arrived.

Around 1:00 a.m. on February 15, 2005, appellant arrived at victim's father's home, without her parents' knowledge, and they engaged in sexual intercourse.[3] After appellant penetrated victim's vagina with his penis, she advised him that it hurt and, at her request, appellant stopped. He began intercourse again, but again stopped when victim experienced pain. The third and final time appellant penetrated victim's vagina, she did not ask him to stop. Appellant left victim's home around 5:00 a.m., some four hours after he arrived.

On February 18, 2005, victim's father, having learned of his daughter's sexual episode, collected several pairs of her underwear from her dirty laundry. Those items were sent to the Department of Forensic Science for analysis.

DNA testing revealed appellant's DNA on one pair of the underwear. The forensic scientist concluded the sample was "1.1 quintillion" times more likely to have come from appellant and victim than from victim and an unknown individual in the relevant population.

---

[1] Appellant was actually thirty-seven years old when he and victim began communicating over the internet.

[2] Appellant traveled from New Jersey to visit victim. Appellant and victim had earlier met in person at victim's mother's home in Maryland.

[3] Victim's father and stepmother had retired to their bedroom prior to appellant's arrival.

In December of 2005, Stafford County detectives spoke with appellant in New Jersey about his sexual activity with victim. After initially denying knowing victim or anyone in Virginia, appellant recanted when the detectives discovered victim's and victim's mother's cell phone numbers stored on his cell phone. Appellant told a Stafford County detective that he met victim on the internet and admitted he knew victim was fourteen years old when he visited with her at her father's home on February 15, 2005. Appellant also admitted he and victim engaged in sexual intercourse, telling the detective that he and victim "may have had sex two or three times."

Appellant was convicted and sentenced to terms of incarceration on each of the charges arising out of the February 15, 2005 episode. The sole question appellant presents on appeal is whether the trial court erred in finding him guilty of three separate acts of carnal knowledge of a child.[4]

## II. ANALYSIS

Appellant contends the trial court erred in finding him guilty of three separate acts of carnal knowledge of a child because his sexual conduct with victim consisted of one "ongoing act, temporally separated by a brief interlude," that the "brief interruptions were incidental and do not constitute [] separate and distinct offense[s]," and that he only ejaculated once.[5]

---

[4] Appellant's other convictions are not before us on appeal.

[5] Appellant also contends his multiple convictions under Code § 18.2-63 violate his constitutional protection against double jeopardy, arguing that only one violation of Code § 18.2-63 occurred. However, appellant did not make this constitutional argument to the trial court. "Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Consistent with Rule 5A:18, we address only arguments that were timely and specifically presented to the trial court. Id. The purpose of Rule 5A:18 is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002). We "will not consider an argument on appeal which was not presented to the trial court." Ohree v.

Code § 18.2-63 defines carnal knowledge to include sexual intercourse without the use of force with "a child thirteen years of age or older but under fifteen years of age . . . ." "To prove that sexual intercourse occurred, the evidence must establish that 'there has been an actual penetration to some extent of the male sexual organ into the female sexual organ.'" Carter v. Commonwealth, 16 Va. App. 118, 127, 428 S.E.2d 34, 41 (1993) (quoting Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989)).

Victim testified that she had sexual intercourse with appellant three times in the early morning hours of February 15, 2005. She described intercourse as "[p]enis going inside the vagina." She explained that when she told appellant that it hurt, "[h]e would stop," but that each time appellant began sexual intercourse with her, his penis again penetrated her vagina. Appellant told the detective who interviewed him that he may have had sex with victim two or three times. From this evidence, we cannot conclude that the trial court's finding that appellant's penis penetrated victim's vagina three separate times, establishing three separate incidents of sexual intercourse, was plainly wrong. See Code § 8.01-680. Each of the statutory elements of carnal knowledge was completed each time appellant penetrated victim's vagina with his penis. See Stephens v. Commonwealth, 35 Va. App. 141, 146, 543 S.E.2d 609, 611 (2001), aff'd, 263 Va. 58, 557 S.E.2d 227 (2002) ("where completed offense has occurred, a separate charge may be brought for a repetition of the same conduct").

In determining whether the trial court properly convicted appellant of three charges of carnal knowledge of a child, Carter, 16 Va. App. at 127-28, 428 S.E.2d at 41-42, is instructive. There, the victim was raped multiple times and forced to commit oral sodomy over a two-hour

---

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Additionally, appellant did not ask us to invoke the ends of justice exception to Rule 5A:18, and "[t]his Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18." Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*).

time period. We concluded that "'generally rape is not a continuous offense'" and "'each act of intercourse constitutes a separate and distinct offense.'" Id. at 127, 428 S.E.2d at 42 (quoting State v. Midyette, 360 S.E.2d 507, 508 (N.C. Ct. App. 1987), aff'd per curiam, 366 S.E.2d 440 (N.C. 1988)); see also Pierce v. State, 911 A.2d 793, 796-97 (Del. 2006) (multiple convictions affirmed for non-consensual intercourse where defendant formed separate intent for successive acts); Harrell v. State, 277 N.W.2d 462, 465 (Wisc. App. 1979) (finding each act of intercourse constituted a distinct and separate offense). Finding "no legal or logical bar to separate punishment where . . . each of the [appellant's] 'repenetrations' was clearly volitional, criminal, and occasioned by separate acts of force," Carter, 16 Va. App. at 128-29, 428 S.E.2d at 42, we affirmed the trial court's ruling.[6]

Similarly, in this instance, the record supports the trial court's conclusion that the statutory elements of carnal knowledge of a child were satisfied with each successive act of sexual intercourse. We cannot conclude the trial court's finding that each penetration constituted a separate act of sexual intercourse, permitting a separate punishment for each act of sexual intercourse, was plainly wrong.

### III. CONCLUSION

From the record presented to us, we conclude the trial court did not err in finding that each time appellant's penis penetrated victim's vagina, he committed a separate and distinct act

---

[6] Appellant attempts to distinguish Carter from the facts presented here, arguing that here victim was not placed into fear multiple times by the separate acts of sexual intercourse. Appellant contends that, unlike in Carter, victim here clearly consented to engage in sexual intercourse with him each time he reinitiated sexual intercourse with her. However, a fourteen-year-old child cannot legally consent to sexual intercourse, and her willingness to do so is no defense to the crime of carnal knowledge. Buzzard v. Commonwealth, 134 Va. 641, 651, 114 S.E. 664, 666-67 (1922).

of carnal knowledge of a child as defined in Code § 18.2-63.  Accordingly, we affirm the appellant's convictions.

Affirmed.