COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


JOSHUA MICHAEL HODNETT

                                                            OPINION BY
v.        Record No. 0702-09-3                    JUDGE JERE M.H. WILLIS, JR.
                                                            MAY 11, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Marvin Lee Smallwood, II (Office of the Public Defender, on
brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


On appeal from his conviction of two charges of assault and battery on a law enforcement

officer in violation of Code § 18.2-57, Joshua Hodnett contends the trial court erred in finding

the evidence sufficient to prove two separate offenses, as distinguished from a single continuing

offense.  We affirm the judgment of the trial court.

Background

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

Officer White was a correctional officer at a local jail where Hodnett was an inmate.

Hodnett called White, who was supervising the unit in which Hodnett was confined, to his cell.

When White reached Hodnett's cell, Hodnett said, "I have something I been saving for ya."  He

dipped a plastic cup into his cell's toilet and threw the contents, including chunks of toilet paper and feces, onto White's chest. White looked down. Looking up as he turned to run, he saw Hodnett reach again into the toilet. Hodnett refilled the cup and threw its contents, hitting White on the side of his head. After the second cup of material hit White, Hodnett said, "Here's some s--- for you to eat, fat boy." White could see pieces of toilet paper and fecal matter in the brownish liquid.

Based on each act of throwing the toilet contents, Hodnett was charged with assault and battery on White. He argued before the trial court, and argues on appeal, that his two acts of throwing toilet contents on White were component parts of a single assault and battery. Noting that "[s]eparate actions, separated by time are separate offenses," the trial court held that each act constituted a separate offense and found Hodnett guilty of both counts of assault and battery.

Analysis

On appeal, Hodnett challenges the trial court's holding that he was guilty of two counts of assault and battery on a law enforcement officer. He argues his actions constituted a single continuing offense.

"A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." Thomas v. Commonwealth, 38 Va. App. 319, 324-25, 563 S.E.2d 406, 409 (2002) (quoting United States v. Midstate Horticultural Co., 306 U.S. 161, 166 (1939)).

A defendant may be convicted of multiple counts if he commits separate and distinct acts. Stephens v. Commonwealth, 35 Va. App. 141, 147-48, 543 S.E.2d 609, 611-12 (2001) (holding each act of shooting from a vehicle constituted a separate and distinct crime, explaining "where completed offense has occurred, a separate charge may be brought for a repetition of the same conduct"), aff'd, 263 Va. 58, 557 S.E.2d 227 (2002); see also United States v. Farries, 328

F. Supp. 1034, 1039-40 (M.D. Pa. 1971) (holding that separate acts of hitting officer with object and kicking him constituted separate assaults; distinguishing <u>Ladner v. United States</u>, 358 U.S. 169 (1958), in which the Court held that wounding two officers with single act, namely shotgun blast, was only one offense under 18 U.S.C. § 111), <u>aff'd</u>, 459 F.2d 1057 (3d Cir. 1972).

Hodnett contends his twice throwing toilet contents on White were component parts of a single assaultive act. Thus, the question presented is whether the two throws were each a separate, complete act, or whether the second was a continuation of the first. The trial court found them to be separate acts. This is a finding of fact, and "a finding by the trial court is binding on appeal unless plainly wrong." <u>Glasco v. Commonwealth</u>, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), <u>aff'd</u>, 257 Va. 433, 513 S.E.2d 137 (1999). The evidence supports this finding.

Each assault and battery was complete when the thrown material hit White. At that time, the injury to him was complete. Hodnett's throwing the second cupful, though in temporal proximity, was not a continuation of his throwing the first. It did not involve continued motion. Introducing each act with a statement of purpose, he turned, reached into the toilet a second time, scooped up more material, and threw it on White. This involved a new formation and execution of purpose. Each separate quantity of material struck a different area of White's body causing him separate injury. Thus, the evidence supports the trial court's holding that Hodnett committed two separate and distinct acts of assault and battery on White. <u>See</u> <u>Stephens</u>, 263 Va. at 63, 557 S.E.2d at 230. The judgment of the trial court is affirmed.

<u>Affirmed.</u>