UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Huff and Senior Judge Frank
Argued by videoconference


BRAXTON ALEXANDER GEORGE FRANCIS

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 1674-19-2              JUDGE ROBERT P. FRANK
                                            NOVEMBER 17, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Joseph M. Teefey, Jr., Judge

(Marlene A. Harris, on brief), for appellant.  Appellant submitting
on brief.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


        Braxton Alexander George Francis, appellant, was convicted by the Circuit Court of

Dinwiddie County of eluding police, a felony in violation of Code § 46.2-817(B).  Appellant was

also convicted of felony eluding police in Chesterfield County for the same incident.  On appeal,

appellant argues that the prosecution of the charge in Dinwiddie County violated his double

jeopardy rights under the Fifth Amendment.  For the following reasons, we affirm.

                                    BACKGROUND

        The facts are not in dispute.  On March 7, 2019, Virginia State Police Trooper Moleins

made contact with a gray Maserati traveling southbound on Interstate 95 in Chesterfield County

after receiving a call for assistance from another trooper.  The vehicle was traveling in excess of

ninety miles per hour through rush hour traffic, weaving in and out of traffic, and maneuvering onto

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

both the right and left shoulders of the road. Trooper Moleins pursued the vehicle with his emergency equipment activated. The vehicle eventually crossed into Colonial Heights, through Petersburg, into Dinwiddie County, and finally into Brunswick County. There was no break in the pursuit throughout the entire chase from Chesterfield to Brunswick.

While in Dinwiddie, the trooper observed the Maserati pass a car in the right lane by driving onto the right shoulder of the interstate and merging back into the right lane from the shoulder in front of the car, cutting it off.[1] Eventually, the Maserati was disabled by police-deployed spike strips. After the Maserati was stopped, Trooper Moleins arrested the driver, appellant. After his arrest, appellant bragged to another prisoner at the jail that he achieved a speed of 180 miles per hour at one point during the chase.

Appellant was subsequently indicted in Dinwiddie County for the current felony eluding charge on May 21, 2019. After his indictment in Dinwiddie, appellant pled guilty on May 24, 2019 and was convicted of felony eluding in Chesterfield County on May 31, 2019. Both the Chesterfield and Dinwiddie offenses bore the same date, March 7, 2019.

Prior to trial in Dinwiddie, appellant made a motion to dismiss the charge based on a violation of double jeopardy, contending that he was already convicted of the "same offense" in Chesterfield. The trial court denied the motion, finding that the motorists endangered were not the same in Dinwiddie and Chesterfield Counties. This appeal follows.

ANALYSIS

On appeal, appellant contends, as he did below that the prosecution of the Dinwiddie charge violated his double jeopardy rights under the Fifth Amendment.[2]

---

[1] The trooper testified that he was going 132 to 133 miles per hour and that appellant continued to accelerate, going in excess of 150 miles per hour.

[2] Appellant does not contest the sufficiency of the evidence to convict him of the Dinwiddie charge.

The Fifth Amendment's Double Jeopardy Clause provides that "no person . . . shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Courts have applied the Double Jeopardy Clause to specifically protect against three types of situations: a second prosecution for the same offense after an acquittal of that offense, a second prosecution for the same offense after a conviction of that offense, and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). However, "[a] defendant may be convicted of multiple counts if he commits separate and distinct acts." Hodnett v. Commonwealth, 56 Va. App. 234, 237 (2010) (quoting Stephens v. Commonwealth, 35 Va. App. 141, 147-48 (2001), aff'd, 263 Va. 58 (2002)). "[W]here [a] completed offense has occurred, a separate charge may be brought for a repetition of the same conduct." Id.

Hodnett is very instructive. There, a jail inmate threw toilet contents on a correctional officer, hitting him in the chest. Then, Hodnett again reached into the toilet, refilled the cup, and threw its contents on the officer striking him on the side of his head. Hodnett was charged with two counts of assault and battery on the officer. As in the instant case, Hodnett maintained his acts only constituted a single continuing offense. The trial court found them to be separate acts. "[A] finding of fact by the trial court is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774 (1998), aff'd, 257 Va. 433 (1999). In rejecting Hodnett's double jeopardy claim, we noted that each act of throwing objects at the deputy "involved a new formation and execution of purpose. Each separate quantity of material struck a different area of [the deputy's] body causing him separate injury." Hodnett, 56 Va. App. at 238. We concluded the evidence supported "the trial court's holding that Hodnett committed two separate and distinct acts of assault and battery" against the deputy. Id.

"It is well settled that two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each."

- 3 -

Jones v. Commonwealth, 208 Va. 370, 375 (1967). "In determining whether the conduct underlying the convictions is based upon the 'same act,' the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself." Jin v. Commonwealth, 67 Va. App. 294, 303-04 (2017) (quoting Hall v. Commonwealth, 14 Va. App. 892, 898 (1992)). "A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense . . . ." Hundley v. Commonwealth, 193 Va. 449, 451 (1952) (citations omitted).

In Jin, the defendant struck his wife with his vehicle and struck her with a hammer. The issue before the court was whether the two acts of assault were continuing offenses or two separate offenses. We found no double jeopardy violation because each assault was a separate act, separated in time, place, and method.

Code § 46.2-817(B) states in part:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

The plain language of Code § 46.2-817(B) requires the Commonwealth to prove the following elements beyond a reasonable doubt to support a felony eluding conviction: (1) the accused received a visible or audible signal from a law enforcement officer to bring the motor vehicle to a stop, (2) the accused drove the motor vehicle in a willful and wanton disregard of the visible or audible signal from a law enforcement officer to bring the motor vehicle to a stop, and (3) the accused drove the motor vehicle in a way that interfered with or endangered the operation of the law enforcement vehicle or in a way that endangered a person. Jones v. Commonwealth, 64 Va. App. 361, 367-68 (2015). The object of the endangerment can be the driver himself, the

- 4 -

police officer, or anyone else on the road that could be put at risk from the driver's eluding.

Phelps v. Commonwealth, 275 Va. 139, 142 (2008).

Appellant correctly cites Thomas v. Commonwealth, 38 Va. App. 319 (2002), for the proposition that evading and eluding under Code § 46.2-817 is a continuing offense, where Thomas traversed two counties.[3] However, Thomas is of no avail to appellant because it only addressed venue, i.e. where the offense took place, not double jeopardy. In addressing the question of the proper venue, we held that:

> Under the facts of this case, the misdemeanor speeding to elude is a continuing offense which could be prosecuted in either Arlington County where the offenses began or Fairfax County where the chase ended. However, all the necessary elements to establish the felony eluding occurred only in Fairfax County and, thus, venue was proper only in Fairfax County.

Thomas, 38 Va. App. at 324. In proper context, Thomas clearly is distinguishable. Appellant isolates the phrase "continuing offense" from the complete context of the facts and analysis. On appellate review, however, as in statutory interpretation, we must read the language of the case in complete context.

Our inquiry is whether the evading and eluding in Dinwiddie is a continuing offense of the evading and eluding in Chesterfield, or whether separate offenses occurred in each jurisdiction. We should again recall that appellant does not contest the sufficiency of the evidence as to each charge.

In Chesterfield, appellant was traveling in excess of ninety miles per hour, weaving in and out of traffic, maneuvering onto both the right and left shoulders of the road. The trooper in pursuit activated his emergency equipment, signaling appellant to stop. These facts would allow

---

[3] Thomas was decided under an earlier version of the statute, which required "serious bodily injury to another" to elevate the offense to a felony. See 1999 Acts c. 720; Thomas, 38 Va. App. at 323-24 & n.2.

the fact finder to find beyond a reasonable doubt that appellant's actions endangered appellant as well as the trooper who was in pursuit. The act of evading and eluding was complete while appellant was driving in Chesterfield County.

In addressing appellant's claim that he could not also be prosecuted in Dinwiddie, we examine both offenses in terms of time, situs, victim, and the nature of the act itself. Jin, 67 Va. App. at 303-04. While the record does not disclose the time between the offenses, a fair inference is that the two offenses were separated by time. The situs was different, one in Chesterfield County and one in Dinwiddie County.

In Dinwiddie, appellant's conduct escalated. Appellant, while traveling at excessive speed (180 miles per hour by appellant's admission), passed a car in the right lane by driving onto the right shoulder and merging back into the right lane in front of that car, cutting off the other car. Again, the time and situs were different. While appellant and the trooper were still endangered from appellant's driving, there was an additional victim, the driver of the vehicle that appellant cut off. This offense was complete in Dinwiddie County and was separate and distinct from the crime in Chesterfield County and not a continuation of the Chesterfield offense.

"The Double Jeopardy Clause is not abridged if an accused is subjected to punishment for two offenses that are supported by separate and distinct acts." Roach v. Commonwealth, 51 Va. App. 741, 748 (2008) (citation omitted). A defendant may be convicted of multiple counts if he commits separate and distinct acts. Stephens, 35 Va. App. at 146-48 (holding each act of shooting from a vehicle constituted a separate and distinct crime, explaining "where a completed offense has occurred, a separate charge may be brought for a repetition of the same conduct"); see also Jin, 67 Va. App. at 307; Hodnett, 56 Va. App. at 237-38.

We do not hold here that every police chase that crosses jurisdictional lines would create the requisite separate acts to support more than one eluding conviction. Depending on the facts,

such a chase could be a continuing offense. Code § 46.2-817(A) makes it a misdemeanor for a person to elude a police officer. Code § 46.2-817(B) enhances the penalty to a Class 6 felony if such conduct endangers himself, the officer, or any other person. Clearly, the legislature was concerned about the effect of eluding on the safety of others. Here, we have multiple victims in different jurisdictions. As stated above, the victim in Dinwiddie was a driver cut off by appellant. That victim was different from the other victims driving in Chesterfield. This case presents clear evidence that appellant endangered a person in Chesterfield County, including himself and the trooper, and he endangered an innocent motorist whom he cut off in Dinwiddie County.

We conclude that the evading and eluding in Chesterfield and Dinwiddie Counties each were separate and distinct acts. Appellant's double jeopardy rights under the Fifth Amendment were not violated.

Affirmed.

Huff, J., dissenting.

Misdemeanor eluding applies when a person drives "in a willful and wanton disregard of [a visible or audible signal from any law-enforcement officer]." Code § 46.2-817(A). Misdemeanor eluding is a continuous offense. Thomas v. Commonwealth, 38 Va. App. 319, 324-25 (2002). The misdemeanor offense is enhanced to a felony if that person also drove "so as to . . . endanger a person." Code § 46.2-817(B). The felony provision prohibits "conduct that raises the specter of endangerment" and thus does not require proof that the driving actually endangered a person. Tucker v. Commonwealth, 38 Va. App. 343, 346 (2002). Nonetheless, the majority holds that violation of Code § 46.2-817(B) is *not* a continuing offense where different people were endangered. Because this view is contrary to both the plain meaning of the statute and this Court's precedent, I respectfully dissent.

A defendant may be convicted of multiple offenses if he committed "separate or distinct acts." Hodnett v. Commonwealth, 56 Va. App. 234, 237 (2010). A continuous offense is a "continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." United States v. Midstate Horticultural Co., 306 U.S. 161, 166 (1939). Continuous offenses are not "separate or distinct acts" and, therefore, may not be the basis for multiple convictions. Hodnett, 56 Va. App. at 237.

The contours of the offense of felony eluding are well defined:

> With respect to the endangerment of persons sufficient to constitute a felonious violation of Code § 46.2-817(B), a manifest purpose of the statute is to protect the public against a driver eluding police "so as to . . . endanger a person." Hence, conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute. To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute.

- 8 -

Tucker, 38 Va. App. at 347 (quoting Code § 46.2-817(B)).  As such, felony eluding does not require proof that the driving actually endangered a person.  Id. at 346.  Indeed, it "does not matter" if a driver "make[s] a specific maneuver causing him or someone else to be 'actually imperiled.'"  Coleman v. Commonwealth, 52 Va. App. 19, 25 (2008).  Accordingly, the felony enhancement embodied in Code § 46.2-817(B) turns on whether the charged individual was driving dangerously while he was eluding law enforcement.  This is a quintessential continuing offense.

The Court's opinion in Thomas bolsters this conclusion.  Thomas analyzed proper venue under the predecessor statute in which misdemeanor eluding was the same, but the felony enhancement applied only "[i]f serious bodily injury to another results."  38 Va. App. at 324 (quoting Code § 46.2-817(B) (1998)).  This Court concluded that misdemeanor eluding was a continuous offense and, therefore, venue would be proper in any county where the actions took place.  Id.  However, this Court determined that felony eluding was not a continuous offense because it carried the additional element of serious bodily harm.  Therefore, venue for the former felony offense was proper only where that serious bodily harm occurred—i.e. the only county in which all elements of the offense occurred.

The General Assembly has since amended the statute to remove "any requirement that the endangerment result in 'serious bodily injury.'"  Coleman, 52 Va. App. at 24 (citing 1999 Va. Acts, ch. 720).  Thus, felony eluding no longer requires an element which can arise only in one jurisdiction.  Instead, the operative language of Code § 46.2-817(B) is now strikingly similar to the misdemeanor offense which the Thomas Court found to be a continuing offense.  The only additional requirement to enhance the misdemeanor to a felony is that the individual drives "so as to . . . endanger a person."  Code § 46.2-817(B).  But, driving dangerously while eluding law

enforcement is no less a continuing offense than simply driving while eluding law enforcement.

Therefore, I respectfully dissent.