UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Callins

MICHAEL SHANE WILSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0435-22-3                JUDGE CLIFFORD L. ATHEY, JR.
                                                    FEBRUARY 21, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Joseph A. Sanzone; Sanzone & Baker, L.L.P., on brief), for
appellant.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.


Michael Shane Wilson ("Wilson") was convicted in the Circuit Court of Pittsylvania County

("trial court") on one count of eluding police, a felony in violation of Code § 46.2-817(B).[1]

Because Wilson pled guilty to felony eluding in Henry County involving the same incident, he

asserts that the subsequent prosecution for felony eluding in Pittsylvania County violated his double

jeopardy rights under the Fifth Amendment. After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wilson was also convicted of felony hit and run, assault and battery on a law
enforcement officer, and felony property damage. Those convictions are not before the Court.

# I. BACKGROUND[2]

On January 24, 2021, Pittsylvania County Sheriff's Deputy C.A. Hammock ("Deputy Hammock") received a call concerning a gray, four-door, Nissan sedan ("Nissan") that was involved in a police chase in Henry County. At trial, Deputy Hammock testified that he was advised that the Henry County police pursuit had been terminated, but the vehicle was believed to be heading into Pittsylvania County. Thereafter, Deputy Hammock observed a moving vehicle, matching the Nissan's description, in Pittsylvania County. Deputy Hammock further testified that he ran the tag on the vehicle to confirm that it was the same car. He also observed the driver of the vehicle, later identified as Wilson, running a stop sign. Next, Deputy Hammock testified that he activated his lights and siren on his marked police vehicle and attempted to initiate a traffic stop. Pittsylvania County Sheriff's Deputy Harmon ("Deputy Harmon"), who was driving behind Deputy Hammock in a separate police vehicle, also testified that she activated her lights and siren to assist in the attempted traffic stop.

Wilson failed to pull the Nissan over and, instead, kept driving in an attempt to elude the deputies. Deputy Hammock and Deputy Harmon testified that the Nissan was "all over the road, in and out of traffic," and moved around other cars at speeds exceeding 100 miles per hour during the subsequent police pursuit. Additional police officers joined the Pittsylvania County pursuit five to ten miles from where it began. Wilson eventually "bounced off" a vehicle driven by Virginia State Trooper J.W. Gregory ("Trooper Gregory") and struck Deputy Hammock's police cruiser. Deputy Hammock then lost control of his police cruiser and went over an embankment adjacent to the right side of the road. Deputy Hammock then rejoined the chase, reaching speeds in excess of 100 miles

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

per hour before finally pulling in front of the Nissan. Wilson reacted by attempting to drive around Deputy Hammock, but hit his police unit in the rear, causing Deputy Hammock to lose control of his police unit and hit a guardrail, thereby disabling him from further participation in the pursuit.

Trooper Gregory and the other deputies continued to chase Wilson at excessive speeds through Pittsylvania County all the way into Campbell County, at which time the Nissan was "spiked" by a spike strip at an intersection, disabling the Nissan and ending the pursuit.

At the conclusion of all the evidence at trial, Wilson moved to strike, arguing that this prosecution violated his constitutional right against double jeopardy because he could not be convicted of felony eluding in Pittsylvania County because he had already pled guilty to that offense in Henry County. The trial court denied Wilson's motion to strike and convicted him of the offense. This appeal followed.

## II. ANALYSIS

### A. *Standard of Review*

We review questions pertaining to double jeopardy or statutory interpretation *de novo*. *Davis v. Commonwealth*, 57 Va. App. 446, 455 (2011).

> B. *The trial court did not err in convicting Wilson of eluding in violation of Code § 46.2-817(B) when he had previously been convicted of eluding in Henry County for violating Code § 46.2-817(B).*

Wilson's sole contention on appeal is that his prosecution in Pittsylvania County violated his double jeopardy rights under the Fifth Amendment because he had already pled guilty to the offense in Henry County.[3] We disagree.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This constitutional provision guarantees protection against (1) a second prosecution for the same

---

[3] Wilson does not contest the sufficiency of the evidence supporting the conviction.

offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Johnson v. Commonwealth*, 292 Va. 738, 741 (2016) (quoting *Payne v. Commonwealth*, 257 Va. 216, 227 (1999)).  However, "[a] defendant may be convicted of multiple counts if he commits separate and distinct acts." *Hodnett v. Commonwealth*, 56 Va. App. 234, 237 (2010).  In other words, "where a completed offense has occurred, a separate charge may be brought for a repetition of the same conduct." *Stephens v. Commonwealth*, 35 Va. App. 141, 146 (2001), *aff'd*, 263 Va. 58 (2002).  "In determining whether the conduct underlying the convictions is based upon the 'same act,' the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself." *Sheng Jie Jin v. Commonwealth*, 67 Va. App. 294, 303-04 (2017) (quoting *Hall v. Commonwealth*, 14 Va. App. 892, 898 (1992)).

Code § 46.2-817(B) provides:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

The plain language of the statute requires the Commonwealth to prove beyond a reasonable doubt that

> (1) the accused received a visible or audible signal from a law enforcement officer to bring the motor vehicle to a stop, (2) the accused drove the motor vehicle in a willful and wanton disregard of the visible or audible signal from a law enforcement officer to bring the motor vehicle to a stop, and (3) the accused drove the motor vehicle in a way that interfered with or endangered the operation of the law enforcement vehicle or in a way that endangered a person.

*Jones v. Commonwealth*, 64 Va. App. 361, 367-68 (2015).  The only relevant inquiry in this case is whether Wilson committed a separate offense of eluding in Pittsylvania County.

Without question, Wilson eluded police in Henry County. Officers in Henry County alerted officers in Pittsylvania County of that fact and gave them a detailed description of the car. However, by the time Deputy Hammock located Wilson's car in Pittsylvania County, the Henry County pursuit had already been terminated and no other police units were in pursuit. Indeed, Deputy Hammock first noticed Wilson ten to fifteen miles away from the Henry County line, and there were no police vehicles in pursuit. Deputy Hammock then observed Wilson run a stop sign. When Deputy Hammock attempted a traffic stop, Wilson sped up and led Deputy Hammock and other officers on a lengthy police chase. Wilson weaved in and out of traffic at speeds exceeding 100 miles per hour and eventually hit Trooper Gregory's vehicle and collided with Deputy Hammock's vehicle, causing Deputy Hammock to go over the embankment on the right-hand side of the road. Both police vehicles sustained extensive damage. Wilson then continued to drive at high rates of speed all the way to Campbell County.

On these facts, it is clear that the act of eluding police in Pittsylvania County, though in temporal proximity, was not a continuation of his eluding in Henry County. Wilson's actions in Pittsylvania County involved a new formation and implementation of purpose after he ran a stop sign, failed to submit to a traffic stop, and then involved a number of different police victims in a new chase through Pittsylvania County. Thus, the evidence supports the trial court's finding that Wilson committed two separate and distinct acts of felony eluding; one in Henry County and one in Pittsylvania County. As the trial court correctly found, this was not one continuous act.

III. CONCLUSION

Because Wilson committed separate and distinct acts of evading and eluding police in Henry and Pittsylvania Counties, his double jeopardy rights under the Fifth Amendment were not violated. The ruling of the trial court is affirmed.

*Affirmed.*